UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

* * * * * * * * * * * * * * * * * * * *

Mark Alan Risk,

Petitioner,

vs. REPORT AND RECOMMENDATION

David Crist, Warden,

Respondent. Civ. No. 00-2752 (PAM/RLE)

* * * * * * * * * * * * * * * * * * * *

At Duluth, in the District of Minnesota, this 21st day of February, 2001.

I. Introduction

This matter came before the undersigned United States Magistrate Judge pursuant to a general assignment, made in accordance with the provisions of Title 28 U.S.C. §636(b)(1)(B), upon a Petition for a Writ of Habeas Corpus, see Title 28 U.S.C. §2254, and upon the Petitioner's Motion to Stay. The Petitioner appears pro se, and no appearance has been made by, or on behalf of, the Respondent.[1]

---

[1]The Respondent has yet to appear as we are recommending a dismissal of the Petition, before an appearance by the Respondent, because of its obvious procedural deficiencies. As pertinent, Rule 4, Rules Governing Section 2254 Cases, provides:

> The original petition shall be presented promptly to a judge of the district court in

(continued...)

FEB 21 2001

(4)

For reasons which follow, we recommend that the Petition for a Writ of Habeas Corpus be summarily dismissed, without prejudice, and that the Motion for a Stay be denied, as moot.

## II. Discussion

The Petitioner informs us that he is a State prisoner, who was convicted on July 24, 1998, for First Degree Murder. Currently, he is serving a life sentence at the Minnesota Correctional Facility in Stillwater, Minnesota. Following his conviction, the Petitioner directly appealed to the Minnesota Supreme Court, arguing that his Motion to Suppress the custodial statements, that he had made to the police shortly after his arrest, was wrongfully denied by the Trial Court. On appeal, the Petitioner's conviction was affirmed on July 29, 1999. See, State v. Risk, 598 N.W.2d 642 (Minn. 1999).

---

[1](...continued)

> accordance with the procedure of the court for the assignment of its business. The petition shall be examined promptly by the judge to whom it is assigned. If it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified. Otherwise the judge shall order the respondent to file an answer or other pleading within the period of time fixed by the court or to take such other action as the judge deems appropriate. * * *.

At no time did the Petitioner seek postconviction relief from the Trial Court.

In his current Petition, the Petitioner raises the following grounds for the invalidation of his State Court conviction:

1. Violation of the privilege against self-incrimination;

2. Denial of Right to a Speedy Trial; and

3. Ineffective Assistance of Appellate Counsel.

Liberally construing these averments in the Petitioner's favor, it is clear that the Petitioner has never presented his denial of a Right to a Speedy Trial, and his ineffective assistance of Appellate Counsel claims to the Minnesota Courts.

A. Standard of Review. Even where a Federal Habeas Petition properly presents Federal constitutional claims, the Court "must first determine whether the petitioner has fairly presented [those claims] to the state court." McCall v. Benson, 114 F.3d 754, 757 (8th Cir. 1997), citing Duncan v. Henry, 513 U.S. 364, 365-366 (1995); see also, Barrett v. Acevedo, 169 F.3d 1155, 1161 (8th Cir. 1999)(en banc). To have fairly presented a claim to the State Courts, the petitioner is required to refer to a specific Federal constitutional right, a particular constitutional provision, a Fed-

eral constitutional case, or a State case raising a pertinent Federal constitutional issue in a claim before the State Courts. Abdullah v. Groose, 75 F.3d 408, 411 (8th Cir. 1996)(en banc), cert. denied, 517 U.S. 1215 (1996). The Petitioner must fairly present his constitutional claims to the State Courts "within one year of the date on which the judgment became final by conclusion of direct appeal, or by the expiration of the time for seeking such review." Title 28 U.S.C. §2244(d)(1)(A). Should the Petitioner seek post-conviction relief, however, the limitations period is normally tolled during the pendency of State postconviction proceedings. See, Jackson v. Dormire, No. 97-4161, slip op. at 3 (8th Cir., June 1, 1999); Title 28 U.S.C. §2244(d)(2).

A petitioner who has failed to fairly present a claim to the State Courts, that he seeks to advance in a Federal Petition, must navigate the narrow channel between the Scylla of exhaustion, and the Charybdis of procedural default. Section 2254(b)(i) precludes the issuance of a Writ of Habeas Corpus if the Petitioner has not first presented his claim for relief to the State Courts. Gray v. Netherland, 518 U.S. 152, 161 (1996), citing Castille v. Peoples, 489 U.S. 346, 351 (1989); Joubert v. Hopkins, 75 F.3d 1232, 1240 (8th Cir. 1996), cert. denied, 518 U.S. 1029 (1996). Under this

doctrine, a claim has not been exhausted in the State Courts unless the same factual grounds and legal theories, that were asserted in the Federal Habeas Petition, have been properly raised in the State Court proceedings. Abdullah v. Groose, supra at 411; Krimmel v. Hopkins, 56 F.3d 873, 876 (8th Cir. 1995), cert. denied, 516 U.S. 1015 (1995). Accordingly, State Courts should, ordinarily, have the first opportunity to determine whether a particular exercise of police power comports with the Constitution. Hawkins v. Higgins, 898 F.2d 1365, 1367 (8th Cir. 1990).

The exhaustion requirement does not apply if it appears that resort to State remedies would be futile. Title 28 U.S.C. §2254(b)(1)(B)(ii); Sloan v. Delo, 54 F.3d 1371, 1378 (8th Cir. 1995). The Supreme Court has explained that the futility exception applies "only if there is no opportunity to obtain redress in state court or if the corrective process is so clearly deficient as to render futile any effort to obtain relief." Duckworth v. Serrano, 454 U.S. 1, 3 (1981). If, for example, it is clear that the State Courts would find the claim to be procedurally barred, and that a return to the State Courts would be futile, then the Federal Court may consider an unexhausted claim -- subject to the limitations prescribed by the procedural default rule. Sloan v. Delo, supra at

1381; but, cf., Meadows v. Legarsky, 904 F.2d 903, 909 (4th Cir. 1990)(exhaustion not excused when possible that State Court would make an exception to procedural default rule and reach merits of petitioner's claim), cert. denied, 498 U.S. 986 (1990). Or, if the petitioner raises an unexhausted claim, where the State Supreme Court has recently issued a decision on the same question of law under almost identical facts, any resort to State Court remedies would be futile. Hawkins v. Higgins, supra at 1367; see also, Allen v. Attorney Gen. of Maine, 80 F.3d 569, 573 (1st Cir. 1996) (exhaustion not required when recent independent decision by highest State Court plainly rendered appellate review futile).

The burden rests upon the Petitioner to demonstrate "'a clear manifestation on the record' that to present his post-conviction claims to the state courts would be an exercise in futility." Harrow v. Black, 818 F.2d 17, 18 (8th Cir. 1987), citing Snethen v. Nix, 736 F.2d 1241, 1245 (8th Cir. 1984), cert. denied, 496 U.S. 940 (1990). Furthermore, where a Petition contains both exhausted and unexhausted claims for relief, a Federal Court cannot grant relief upon any of the Petitioner's claims. Rose v. Lundy, 455 U.S. 509, 522 (1982); Murray v. Wood, 107 F.3d 629, 632 (8th Cir. 1997). Ordinarily, such "mixed" Petitions are to be dismissed

without prejudice, although Federal Habeas Courts may retain jurisdiction under limited circumstances.[2] Id.

B. Legal Analysis. Despite the limited Record before us, it is quite evident that this is a "mixed" Petition, in which the Petitioner has no chance of prevailing without exhausting his State remedies. Id. As is made clear by the Petitioner's own admission, see, Petition's Motion to Stay, several of the Petitioner's claims, which are presented in his Petition, were never raised on direct appeal, and the Petitioner did not seek postconviction review of the claims, notwithstanding the availability of that review. Instead, the Petitioner has asserted these claims, for the first time, in his Petition for Writ of Habeas Corpus.

Although the Petitioner requests that we stay these proceedings, pending the exhaustion of his State Court remedies, a dismissal of the Petitioner's Petition is appropriate where, as here, the Petition presents both exhausted and unexhausted claims. The

---

[2]A recent amendment to Section 2254 allows the Court to deny an application for a Writ of Habeas Corpus on the merits, "notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State." Title 28 U.S.C. §2254(b)(2); see, also, Lindh v. Murphy, 521 U.S. 320, 334 n. 7 (1997). Judicial economy may counsel such a denial of a claim on the merits, if the claim were easily resolvable against the petitioner. Lambrix v. Singletary, 520 U.S. 518, 525 (1997).

Petitioner "has the right under the law of the State to raise [these claims], by an[] available procedure," and he has not exhausted his available State remedies with respect to those grounds which have not been presented on direct appeal. See, Title 28 U.S.C. §2254(c); see also, Sherwood v. Tomkins, 716 F.2d 632, 634 (9th Cir. 1983)(where postconviction relief is still available, Habeas Petition is premature and should be dismissed for failure to exhaust). In short, the Petitioner has not afforded the highest State Court, to which an appeal as of right may be taken, a fair opportunity to rule upon the factual and legal substance of his new claims. See, Picard v. Connor, 404 U.S. 270, 275-78 (1971). Accordingly, because the Petitioner here faces an insuperable bar to success on his Petition because of his failure to exhaust, and since he still has a viable avenue of relief before the State Trial Court, his Petition should be summarily dismissed,[3] but without prejudice.[4]

---

[3]Should our recommendation be adopted by then District Court, the practical effect of a denial of his Motion to Stay is inconsequential. Under either scenario, the Petitioner will be free to pursue his claims, in the Federal forum, pending their exhaustion in the State Courts.

[4]We are cognizant of the District Court's discretion, in this Circuit, to permit a petitioner to perfect an otherwise deficient Petition by deleting those claims that were not exhausted in the (continued...)

NOW, THEREFORE, It is --

RECOMMENDED:

1. That the Petition for a Writ of Habeas Corpus [Docket No. 1] be summarily dismissed, but without prejudice.

2. That the Petitioner's Motion to Stay [Docket No. 2] be denied, as moot.

Raymond L. Erickson
UNITED STATES MAGISTRATE JUDGE

**N O T I C E**

Pursuant to Rule 6(a), Federal Rules of Civil Procedure, D. Minn. LR1.1(f), and D. Minn. LR72.1(c)(2), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties **by no later than March 9, 2001**, a writing which specifically identifies those portions of the Report

---

[4](...continued)
State Courts. See, Jackson v. Dormire, No. 97-4161, slip op. at 3 (8th. Cir., June 1, 1999); Williams v. Groose, supra at 262; Whitmill v. Armontrout, 42 F.3d 1154, 1157 (8th Cir. 1994), cert. denied, 516 U.S. 869 (1995). The circumstances of the present case do not, however, counsel such a result. Where, as here, the statutory period to bring a Petition for a Writ of Habeas Corpus remains open, permissive dismissal of unexhausted claims portends the Court being obligated to resolve the perfected claims, only to revisit the dismissed claims upon their exhaustion by the Petitioner. Such a result does not serve the interests of a just, speedy, and inexpensive resolution of a petitioner's claims, nor does it promote the wise use of scarce judicial resources. Consequently, we decline to recommend that election under the circumstances here.

to which objections are made and the bases of those objections. Failure to comply with this procedure shall operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.

If the consideration of the objections requires a review of a transcript of a Hearing, then the party making the objections shall timely order and file a complete transcript of that Hearing **by no later than March 9, 2001**, unless all interested parties stipulate that the District Court is not required by Title 28 U.S.C. §636 to review the transcript in order to resolve all of the objections made.